This appeal brings up a decree of the court of chancery advised by Vice-Chancellor Church setting aside as fraudulent certain conveyances and mortgages executed by one of the defendants, Davis Bender, a judgment debtor to the other defendants.
Appellants challenge the right of the judgment debtor to file his bill in this case on the ground that the respondent's note for $10,000, on which he had judgment, was not due when the deeds and mortgages in question were executed.
We think there is no merit in this contention. The note in question was the direct obligation of the appellant Davis Bender, and there was an existing debt at the time of the making of the conveyances in question. Thereafter, such debt was established by judgment. Haston v. Castner, 31 N.J. Eq. 697. The cases relied upon by appellants all dealt with contingent liabilities, none of which had matured into a debt when the challenged conveyances were made.
The testimony is voluminous and a discussion of it would serve no useful purpose. It amply supports the finding of the vice-chancellor that the conveyances in question were made for the express purpose of defrauding creditors, and particularly the respondent.
Finding, as we do, that the conveyances were made to defraud creditors, it is unnecessary to consider whether a grant by a parent to a child, based on services rendered, is invalid as to creditors, and also whether the debtor was solvent when the conveyances were made. Haston v. Castner, supra.
The allowances for counsel fees and expenses appear to be reasonable in the circumstances.
We have examined the other grounds of appeal and find them without merit.
The decree is in all respects affirmed. *Page 468 
 For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.
For reversal — None.